**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-2365

UNITED STATES OF AMERICA,
Appellee,

v.

SURISADDAI ARTEAGA,
Defendant, Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

———————————————

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.

———————————————

Bjorn Lange, Assistant Federal Public Defender, for appellant.
    Mark E. Howard, Assistant United States Attorney, with whom
Thomas P. Colantuono, United States Attorney, was on brief, for
appellee.

———————————————

June 28, 2004

———————————————

**Per Curiam**.  We consolidated the instant appeal for argument with, inter alia, the appeal in United States v. Salinas, No. 03-2376.  The consolidated appeals were argued on May 5, 2004. We decided Salinas and issued the opinion therein earlier today. See United States v. Salinas, ___ F.3d ___ (1st Cir. 2004).

There is a threshold issue in this case, not presented in Salinas.  Arteaga made a pretrial motion to dismiss for improper venue, but the district court denied it "without prejudice," and the case went to trial.  Arteaga did not thereafter renew her venue challenge and the jury convicted her of passport fraud.

This chronology presents a theoretical question of waiver.  We say "theoretical" because the government explicitly waives any such objection, urging us instead "to address the venue issue on the merits."  Appellee's Br. at 9.  Doing so, the government adds, "is in the best interests of justice and judicial economy."  Id. at 10.

We accept the parties' joint exhortation.  Here, the facts essential to a venue determination are known in advance and are undisputed, so we see no harm in treating Arteaga's challenge to venue as properly raised by a pretrial motion. See Fed. R. Crim P. 12(b)(2) (explaining that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue"); see also United States v. Carey, 152 F. Supp. 2d 415, 419 (S.D.N.Y. 2001) (concluding that

when the government has provided the court with a full proffer of facts it intends to introduce to establish venue, the court may decide whether venue is proper prior to trial pursuant to a motion made under Fed. R. Crim. P. 12); Fed. R. Crim. P. 12(d) (requiring court to decide "every pretrial motion before trial unless it finds good cause to defer a ruling"); see generally 1A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 191 (3d ed. 1999). Under the circumstances, we regard the issue of venue as adequately preserved.

Once this threshold point is resolved, we need go no further. Our Salinas opinion is fully dispositive of the merits question raised in Arteaga's appeal. Consequently, for the reasons set forth in Salinas, we reverse the district court's venue determination, vacate Arteaga's conviction, and remand with instructions to dismiss the indictment without prejudice for lack of venue.

**Reversed and remanded.**